UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAROME DEON WAITERS,

    Petitioner,

v.

                                          Case No. 8:25-cv-682-TPB-NHA
                                          Case No. 8:19-cr-452-TPB-NHA

UNITED STATES OF AMERICA,

    Respondent.
_____

**ORDER DENYING MOTION TO VACATE SENTENCE**

Larome Deon Waiters moves under 28 U.S.C. § 2255 to vacate his convictions and 210-month sentence for possession with intent to distribute fentanyl and heroin and for possession of firearms and ammunition as a convicted felon. He claims appellate counsel rendered constitutionally ineffective assistance. He is entitled to no relief.

**I.    Background**

In August of 2019, law enforcement obtained a search warrant for Waiters's apartment to investigate drug-trafficking activities and an arrest warrant for Waiters for traffic infractions. During the search of Waiters's apartment and his arrest, law enforcement recovered drugs, drug paraphernalia, loaded firearms, and cash. Waiters is a convicted felon who is prohibited from possessing firearms and ammunition. (Crim. Doc. 120 ¶¶ 19–28)

A grand jury returned a superseding indictment that charged Waiters with possession with intent to distribute 40 grams or more of fentanyl and heroin, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); and possession of firearms and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and 924(e). (Crim. Doc. 45) Because of his prior felony convictions, Waiters faced an enhanced sentence under the Armed Career Criminal Act (ACCA). (*Id*. at 3–4) After a two day trial, a jury found Waiters guilty as charged. (Crim. Doc. 115)

The U.S. Probation Office determined that Waiters qualified as an armed career criminal due to his prior Florida convictions for violent felonies and serious drug offenses that were committed on occasions different from one another. (Crim. Doc. 120 at ¶¶ 46(a)—(g)) Those predicate convictions include one conviction for robbery; five convictions for possession of cocaine with intent to sell or deliver within 1,000 feet of a school, childcare facility, or park; one conviction for possession with intent to sell or deliver oxycodone within 1,000 feet of a school; and one conviction for sale of cocaine. (*Id*.) The presentence report calculated an advisory guidelines range of 262 to 327 months, based on Waiters's total offense level of 34 and his criminal history category of VI. (*Id*. at ¶ 113)

Counsel objected to Waiters's enhanced sentence as an armed career criminal. (*Id*. at 33–37) He argued that the serious drug offenses were not

qualifying predicate convictions because they "were part of a single course of conduct that should be considered only one prior offense[,]" "the Indictment did not allege all of the necessary facts needed to support the enhancement," and a jury made no findings that the prior convictions qualified as predicates under the ACCA. (*Id.* at 35)

At sentencing, counsel emphasized that although the drug offenses were committed on separate dates, they were prosecuted in a single case in state court. (Crim. Doc. 135 at 15–17) The district court overruled the objection after observing that the state court information charged Waiters with drug offenses that occurred on different dates and different locations. (*Id.* at 17) Counsel also argued that a jury should find the offenses occurred on different occasions, but the district court overruled the objection based on binding precedent. (*Id.* at 18–19) Citing Waiters's history of a drug abuse and his youth when he was incarcerated for robbery, the district court varied downward and sentenced him to 210 months. (*Id.* at 26–29)

Represented by the same counsel who represented him at trial, Waiters appealed. Waiters argued that the district court erred by denying his pretrial motion to dismiss and by sentencing him as an armed career criminal. *See United States v. Waiters*, No. 21-12492, Appellant's Initial Brief, 2022 WL 204594 (11th Cir. Jan. 19, 2022). The circuit court rejected Waiters's arguments based on binding precedent and affirmed his convictions and

3

sentence. *United States v. Waiters*, No. 21-12492, 2024 WL 2797919 (11th Cir. May 31, 2024).

Again represented by the same counsel who represented him at trial and on direct appeal, Waiters filed a petition for writ of *certiorari*, which the U.S. Supreme Court denied without an opinion. *Waiters v. United States*, 145 S. Ct. 396 (2024).

## II. Discussion

Waiters now moves to vacate his convictions and sentence and claims appellate counsel rendered ineffective assistance by (1) not arguing on direct appeal that his predicate offenses did not occur on different occasions under *Wooden v. United States*, 595 U.S. 360 (2022), (2) by not seeking *certiorari* review in light of *Erlinger v. United States*, 602 U.S. 821 (2024). (Civ. Docs. 1, 2, and 9) The United States responds that Waiters's claims lack merit because, although both *Wooden* and *Erlinger* issued years after Waiters's appeal, counsel did, in fact, challenge the ACCA enhancement on the basis that Waiters's prior convictions did not occur on different occasions. (Civ. Doc. 7) Waiters replies that counsel was deficient because counsel failed to consult with him about, and refused to advance, the specific issues he wished to raise on direct appeal and in his *certiorari* petition. (Civ. Doc. 9)

Claims of ineffective appellate counsel are governed by the same standards applied to trial counsel under *Strickland v. Washington*, 466 U.S.

4

668, 684–85 (1984). *Dell v. United States*, 710 F.3d 1267, 1273 (11th Cir. 2013). To establish deficient performance, the petitioner must show that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *Strickland*, 466 U.S. at 690.

In the appellate context, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citation omitted). "[A]ppellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id*. Indeed, "[a] brief that raises every colorable issue runs the risk of burying good arguments . . . in a verbal mound made up on strong and week contentions." *Jones v. Barnes*, 463 U.S. 745, 753 (1983). "[The] process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751–52). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citation omitted). And, "appellate counsel is not ineffective for failing to raise claims reasonably considered to be without merit." *Siler v. United States*, 852 F. App'x 490, 492 (11th Cir. 2021) (citing *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000)).

### A. Ground One

Waiters claims appellate counsel rendered ineffective assistance by not arguing that his predicate offenses did not occur on different occasions under *Wooden*. *Wooden* explains that the ACCA "contains *both* a three-offense requirement *and* a three-occasion requirement." 595 U.S. at 368. An "occasion" is "an event, occurrence, happening, or episode." *Id*. at 367. "To operationalize the different-occasions requirement, the *Wooden* Court described a 'range of circumstances [that] may be relevant to identifying episodes of criminal activity'—*e.g*., the offenses' timing, location, and character." *United States v. Edwards*, 142 F.4th 1270 (11th Cir. 2025) (quoting *Wooden*, 595 U.S. at 369). *Wooden* issued March 7, 2022, while Waiters's appeal was pending.[1]

Waiters's claim fails because the record shows counsel, in fact, challenged the ACCA enhancement on this basis both at sentencing and on appeal. Before sentencing, counsel objected to the enhanced sentence. (Doc. 120 at 33–37) He argued that the serious drug offenses were not qualifying predicate convictions because they "were part of a single course of conduct that should be considered only one prior offense[,]" "the Indictment did not allege

---

[1] A judgment was entered against Waiters on July 21, 2021 (Crim. Doc. 123), and the circuit court affirmed that judgment on May 31, 2024 (Crim. Doc. 140).

all of the necessary facts needed to support the enhancement," and a jury made no findings that the prior convictions qualified as predicates under the ACCA. (*Id.* at 35)

At sentencing, the district court overruled these objections and found that Waiters's predicate offenses "were done at different times and different occasions, one had been completed before the other one began." (Crim. Doc. 135 at 16) And, when counsel repeated the objection that "the jury should make the finding that they were offenses committed on separate occasions," the district court overruled the objection, finding that "the law as it states now is the jury does not have to make that finding." (*Id.* at 19)

On direct appeal, counsel repeated these challenges to the ACCA enhancement. In his initial brief, counsel argued that Waiters's prior controlled substance offenses were not serious drug offenses; the robbery conviction was not a predicate offense because of Waiters's age at the time of the offense; the indictment failed to allege all the necessary facts to support the ACCA enhancement; and "the jury did not make the requisite findings . . . to qualify any of those prior convictions as ACCA qualifying predicate convictions." *Waiters*, 2022 WL 204594, at *44–47. Counsel later filed a supplemental brief to argue that Waiters's controlled substance offenses were not serious drug offenses based in part on circuit precedent in *United States v. Jackson (Jackson I)*, 39 F.4th 1294 (11th Cir. 2022), *superseded by United*

7

*States v. Jackson* (*Jackson II*), 55 F.4th 846 (11th Cir. 2022), *aff'd sub nom. Brown v. United States*, 602 U.S. 101 (2024). *See United States v. Waiters*, No. 21-12492, Appellant's Supplemental Brief, 2022 WL 3646009 (11th Cir. Aug. 18, 2022).

The circuit court rejected Waiters's challenges to his enhanced sentence and affirmed his convictions and sentence. *See United States v. Waiters*, No. 21-12492, 2024 WL 2797919 (11th Cir. May 31, 2024). Citing binding circuit precedent, the circuit court affirmed the ACCA enhancement "even though the predicate convictions were not alleged in the indictment or found by a jury." *Id.* at *6 (citing *United States v. Smith*, 775 F.3d 1262, 1266 (11th Cir. 2014)).

Waiters shows neither that counsel performed deficiently nor that he was prejudiced by counsel's performance because counsel, in fact, advanced challenges to the ACCA enhancement that Waiters complains counsel should have advanced. "[The circuit court] has long held that the fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel." *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010); *see also Lukehart v. Sec'y, Fla. Dep't of Corr.*, 50 F.4th 32, 47 (11th Cir. 2022) (citing *Ward*, 592 F.3d at 1164 ("[C]ounsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken might be considered sound trial strategy.")). The record contradicts Waiters's claim, and his failure

to identify any challenge to his convictions and sentence that is clearly stronger than the issues that appellate counsel did pursue is fatal to his claim.

B.     Ground Two

Waiters claims that appellate counsel rendered ineffective assistance by not seeking *certiorari* review in light of *Erlinger*. *Erlinger,* 602 U.S. at 834, which was decided on June 21, 2024, a few weeks after Waiters's direct appeal concluded, holds that the factual finding that the defendant's predicate offenses occurred on at least three separate occasions "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." Waiters argues that because the jury did not find that his predicate convictions occurred on separate occasions, counsel should have argued that *Erlinger* entitles him to relief.[2]

Waiters's claim fails because the district court is aware of no binding precedent that authorizes a claim of ineffective assistance of counsel for the purpose of filing a *certiorari* petition in the U.S. Supreme Court. *See Allen v. United States*, No. 8:22-cv-728-CEH-AEP, 2024 WL 4905427, at *3 (M.D. Fla. Nov. 27, 2024) (listing district court cases within the Eleventh Circuit that have held that "defendants cannot raise a constitutional violation based on

---

[2] The United States summarizes the arguments that counsel advanced in the *certiorari* petition but neglects to file the petition as an attachment to its response. (Civ. Doc. 7 at 4)

9

purported deficient performance [at the *certiorari* stage] because there is no constitutional right to counsel on discretionary review"); *Adams v. United States*, No. 5:20-cv-8008, 2022 WL 17722384, at *5 (N.D. Ala. Dec. 15, 2022) (rejecting petitioner's ineffective assistance claim because he "lacked a constitutional right to counsel at the *certiorari* stage"); *Pierce v. United States*, No. 3:16cv989, 2020 WL 4229329, at *12 (M.D. Ala. Feb. 27, 2020) (listing cases for the proposition that "because there is no constitutional right to counsel to pursue discretionary review in the Supreme Court, there can be no claim that appellate counsel's performance was ineffective"); *see also Tendrich v. United States*, 828 F. App'x 693, 694 (11th Cir. 2020) (declining to consider the United States's argument that an ineffectiveness claim fails because no constitutional right to counsel exists at the *certiorari* stage); *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) ("Due process does not . . . guarantee a constitutional right to counsel for a litigant seeking to file a *certiorari* petition in the United States Supreme Court.").

Alternatively, Waiters's claim fails because *Erlinger* affords him no relief. *Erlinger* provides no basis for Waiters to challenge his ACCA sentencing enhancement because *Erlinger* set forth a new rule of criminal procedure, which the U.S. Supreme Court has not made it retroactively applicable to cases on collateral review. *See Erlinger*, 602 U.S. at 859, n.3 (Kavanaugh, J., dissenting) ("For any case that is already final, the *Teague* rule will

10

presumably bar the defendant from raising today's new rule in collateral proceedings.") (citing *Teague v. Lane*, 489 U.S. 288, 310 (1989)); *see also Grant v. United States*, No. 8:24-cv-2029, 2024 WL 4729193, at *3 (M.D. Fla. Nov. 8, 2024) ("Here, the *Teague* inquiry easily leads to the conclusion that *Erlinger* announced a new rule of criminal procedure that is not retroactive.") (quotations omitted). Waiters cites no case—and the district court has found none—that holds that any right recognized in *Erlinger* is retroactively applicable on collateral review.[3] *See Cuyler v. United States*, No. CR120-036, 2025 WL 1136295, at *6 (S.D. Ga. Mar. 21, 2025) (listing district court cases within the Eleventh Circuit that have found *Erlinger* does not apply retroactively); *see also In re Jenkins*, No. 24-12338, 2024 U.S. App. LEXIS 18562, at *6 (11th Cir. July 26, 2024) (denying petitioner's application for leave to file a second or successive § 2255 motion because "the Supreme Court itself did not expressly hold that *Erlinger* applies retroactively on collateral review").

---

[3] Waiters himself acknowledges that "*Erlinger* was not deemed retroactive to cases on collateral review." (Civ. Doc. 2 at 9)

11

### III. Conclusion

Waiters's motion under § 2255 to vacate, set aside, or correct his sentence (Civ. Doc. 1) is **DENIED**. The clerk is directed to enter a judgment against Waiters, terminate any pending motions, close this case, and enter a copy of this order in the criminal case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS

Waiters is not entitled to a certificate of appealability ("COA"). A prisoner moving under § 2255 has no absolute entitlement to appeal a district court's denial of his motion to vacate. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a certificate of appealability, Waiters must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Waiters is entitled to neither a certificate of appealability nor an appeal in forma pauperis.


A certificate of appealability is **DENIED**. Leave to appeal in forma pauperis is **DENIED**. Waiters must obtain permission from the circuit court to appeal *in forma pauperis.*

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of October, 2025.

**TOM BARBER**
**U.S. DISTRICT JUDGE**